## Drob License

*Markovitz, Stern & Shusterman,* for appellant.
*Bernard I. Shovlin,* for Commonwealth.

WEINROTT, J., October 6, 1959.—The Secretary of Revenue ordered the license of petitioner suspended for a period of five months, commencing June 13, 1959, pursuant to section 615(e) of The Vehicle Code of May 1, 1929, P. L. 905, 75 PS §192. Petitioner filed this appeal.

Section 615(e) provides:

"The Secretary is hereby authorized after hearing before the secretary or his representative, or upon failure of the said person to appear at such hearing, to suspend the operator's license or learner's permit of any person licensed in this Commonwealth, upon receiving notice of the conviction of such person in another state of an offense therein which if committed in this Commonwealth, would be grounds for the suspension or revocation of the license of an operator."

The reason for the suspension in this case is based on the fact that petitioner had been convicted of speeding in the State of New Jersey which would constitute a violation of section 1002-B6(1) of The Vehicle Code of this State. The State of New Jersey had suspended petitioner's operating privileges for a period of six months, commencing November 13, 1958, on the ground that he exceeded the New Jersey speed limit of 50 miles per hour on three occasions during the years 1957 and 1958. All violations were based on radar speed detection devices which are said to ac-

curately measure the rapidity with which an object travels at the moment it passes the instrument. Of course we in this Commonwealth, to sustain a conviction for speeding, require that speed of the vehicle be checked by an officer for a distance of one-quarter mile, using a speedometer which had been tested for accuracy within 30 days of the date of the offense. We do not permit evidence obtained by these radar devices to sustain a conviction of speeding. Nevertheless, for purposes of this appeal we find as a fact that petitioner did in fact violate the law of New Jersey as was charged despite his denial of the charges and his argument that it was more convenient to mail the fine rather than appear in court there. The real issue for us to consider is whether the act contemplates that any suspension imposed under section 615 (e) be consecutive or concurrent.

Petitioner conducts his sales business largely in New Jersey where he was penalized for his violation of the laws there. He was unable to drive in that State for the period from November 13, 1958, to May 13, 1959, when his driving privileges were restored. Petitioner suffered severe economic hardship during that time as a result of his being unable to drive in the territory where his principal sales were made. The punishment meted out by the Secretary of Revenue of this Commonwealth, if valid, will impose on petitioner a further burden for an additional period of five months. It would have the effect of lengthening the punishment imposed by the State of New Jersey to one year, for petitioner cannot drive anywhere when his license is revoked here. This we do not believe to be a reasonable construction of the act for if this interpretation were proper, it would subject petitioner or an operator of a motor vehicle to consecutive penalties based in part upon the promptness with which the State where the violation is committed notifies the

licensing State and in part upon how swiftly the Secretary of Revenue acts.

It is conceivable that a suspension could follow here several years later and work a great injustice. The Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 51, 46 PS §551, states:

"The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the Legislature."

The obvious purpose of this act is to reach the operating privilege of the individual in the State where his license issued, for had he violated the law of another State and could be excluded from driving only there, his area of operation would generally not be very restricted, and such penalty would be deemed very minor to someone who merely occasionally drives in the State where the infraction occurred. A careless or even dangerous driver licensed by this Commonwealth could not in the absence of section 615 (e) be precluded from driving here or in other jurisdictions. This would severely hamper the control of the license of such motor vehicle operators who do not obey the laws on the public highways.

Procedural due process requires that prompt notice be dispatched by the State of New Jersey to the Commonwealth of Pennsylvania setting out the conviction. Thereupon the Secretary of Revenue of this Commonwealth should hold a hearing to determine whether this State should impose a concurrent penalty under section 615 (e).

We do not believe that the legislators intended to vest the Secretary of Revenue of this Commonwealth with the power to impose a consecutive penalty based on the violation of the laws of another State. Particularly is this true in view of the requirement that penal provisions be strictly construed: Section 58 of Statutory Construction Act, 46 PS §558. We deem the pur-

pose of section 615 (*e*) of The Vehicle Code to be to fully effectuate a suspension or revocation by withdrawing concurrently the operating privilege at its source, namely that of the licensing State. This would permit the licensing State in its discretion to preclude a driver from operating a motor vehicle in any of the United States during the period of his suspension by a sister State.

We therefore conclude as a matter of law that the action of the Secretary of Revenue in suspending petitioner's license for a period of five months commencing June 13, 1959, was contrary to law.

*Order*

And now, to wit, October 6, 1959, petitioner's appeal from the order of the Secretary of Revenue, suspending his operator's license for a period of five months commencing June 13, 1959, is sustained and the order of the Secretary of Revenue is set aside.